UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

POLYGON NORTHWEST COMPANY, LLC, *et al.*,

    Plaintiffs,

    v.

STEADFAST INSURANCE COMPANY,

    Defendant.

No. C08-1294RSL

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL

## I. INTRODUCTION

This matter comes before the Court on "Plaintiffs' Motion to Compel Rule 30(b)(6) Discovery and Sanctions," Dkt. #19. Plaintiffs contend that defendant Steadfast Insurance Company unlawfully withheld specific information about other insureds and claims in responding to plaintiffs' Rule 30(b)(6) requests. Defendant responds that the information sought is not relevant and overly burdensome. For the reasons set forth below, the Court grants in part and denies in part plaintiffs' motion to compel.

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFFS'
MOTION TO COMPEL - 1

## II. DISCUSSION

**A. Background**

Plaintiff Polygon Northwest Company, LLC is a home builder in the Pacific Northwest. Polygon bought annual Home Builders Protective ("HBP") policies from Zurich North America through defendant Steadfast Insurance Company between 2002 and 2008. The HBP program is targeted toward developers who build large, multi-home residential developments. HBP policies provide for a deductible known as a Self-Insured Retention ("SIR"). The central dispute in this case is whether Polygon's HBP policy required the stacking of SIRs on a single claim when a construction project spanned multiple policy years.

On January 5, 2009, Polygon served Steadfast with notice for a 30(b)(6) deposition, seeking discovery of other insureds, claims, and lawsuits involving the same SIR stacking issue. Specifically, Polygon sought identification of each HBP policy sold by Steadfast or Zurich containing the same SIR clause at issue, identification of each claim made under any HBP policy where Steadfast or Zurich communicated internally or with any insured or broker over whether multiple SIRs might apply to the claim, and identification of each arbitration or lawsuit in which Steadfast or Zurich has been a party which involved the potential application of more than one SIR. See Dkt. #21, Ex. 1 at 3.

Steadfast designated a Zurich customer service representative and a Zurich assistant Vice President to testify to the 30(b)(6) topics and filed written objections to the discovery request. Dkt. #21, Ex. 2. The witnesses produced a list of 150 HBP policy numbers and a list of 1300 HBP claim numbers. One of the witnesses testified that he was not aware of any arbitrations or lawsuits involving the potential application of multiple SIRs. Dkt. #21, Ex. 5 at 72.

Polygon now moves for an order compelling Steadfast to: (1) identify the names and contact information for claimants and insureds corresponding to each policy number; (2)

disclose all communications on the SIR stacking issue where the same third-party claimant asserted a claim triggering multiple years' HBP policies; (3) inquire with each file handler and Team Manager who has handled HBP construction defect claims and disclose all communication on the issue of SIR stacking on any such claims; and (4) investigate and disclose every lawsuit and arbitration where SIR stacking on an HBP claim was at issue.

**B. Analysis**

Under Fed. R. Civ. P. 26(b)(1), the Court may order discovery of any matter relevant to the action. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). While relevancy for discovery purposes is extremely broad, the Court may limit the scope of discovery if "the burden or expense of the proposed discovery outweighs its likely benefit," Fed. R. Civ. P. 26(b)(2)(C)(iii).

Polygon first seeks the names and contact information of other HBP customers and claimants. Polygon suggests that the interpretations and intentions of other insureds are relevant to the ambiguity of the SIR provision. See Dkt. #19 at 8-10. The Court disagrees. Although Polygon correctly notes that ambiguous policy provisions are construed in favor of the insured, id. at 8; see Quadrant Corp. v. Am. States Ins. Co., 154 Wn.2d 165, 172 (2005); Shotwell v. Transamerica Title Ins. Co., 91 Wn.2d 161, 167 (1978), the sheer number of insureds who may agree with Polygon's interpretation is irrelevant to the Court's reading of the disputed language. The Court's determination is based not on a survey of insured developers but on the policy language itself.

However, the manner in which Steadfast has handled the claims of other insureds with identical policy language is potentially relevant to this action. Evidence that Steadfast has acted in an inconsistent manner in resolving claims where similar policies were involved "could

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFFS'
MOTION TO COMPEL - 3

undermine defendant['s] position that the language in question is clear and unambiguous." Nestle Foods Corp. v. Aetna Cas. & Sur. Co., 135 F.R.D. 101, 106 (D.N.J. 1990). Polygon is entitled to explore the extent to which the insurer's interpretation of the policy language has varied as this information may lead to evidence of ambiguity. However, defendant has provided sufficient evidence that production of all requested claims and communications would be unduly burdensome. See Dkt. #24, Ex. 3. Therefore, so as to balance the relevance of the information against the burdensomeness of producing it, the Court will limit the scope of the discovery request. Steadfast shall identify those claims filed within the last five years where the same third-party claimant asserted a single construction defect claim triggering multiple years' HBP policies and disclose all non-privileged communications between Zurich/Steadfast and the claimant or insured on the issue of SIR stacking. Defendant may redact the names and other identifying information of its insureds and claimants.

Plaintiff further requests an order compelling Steadfast to inquire with each file handler and Team Manager who has handled HBP construction defect claims about communications involving the application of multiple SIRs. Dkt. #19 at 2. Steadfast asserts that this request is now moot as it has already contacted all relevant claims persons and provided declarations, see Dkt. #23 at 5. However, the declarations seem to address only SIR stacking based on multiple policy years rather than SIR stacking on any claim arising from a single project. See, e.g., Dkt. #25 ¶ 5; Dkt. #26 ¶ 5; Dkt. #27 ¶ 5. Plaintiffs' theory of the case asserts that the coverage issue is identical regardless whether Steadfast is stacking SIRs based on multiple policy years or based on subdivisions within a single project. See Dkt. #34 at 3. To the extent the declarations provided have not addressed the full scope of Polygon's discovery request, Steadfast must provide new declarations regarding SIR stacking on any one construction defect claim.

Finally, Polygon contends that Steadfast's witness falsely testified that no other lawsuits

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFFS'
MOTION TO COMPEL - 4

exist on the SIR stacking issue. Dkt. #19 at 8. In response, defendant notes that the other lawsuit identified by Polygon did not involve project sales in multiple policy periods but rather addressed whether two parts of a single project constituted one "construction occurrence" under the insurance policy. Dkt. #23 at 12. As noted above, Polygon's discovery request was not limited to one specific scenario of SIR stacking.[1] Defendant is directed to investigate and disclose every lawsuit and arbitration where SIR stacking on an HBP claim was at issue, including all unprivileged communications by or to Steadfast/Zurich on that issue.

Plaintiff requests that the Court eventually impose sanctions under Rule 37(d) for Steadfast's failure to fully prepare its 30(b)(6) witness on the designated subject matter. The Court denies the request because the parties' dispute over the appropriate scope of discovery is genuine, see Garcia v. Courtesy Ford, Inc., 2007 WL 1430196 at *4 (W.D. Wash. May 10, 2007), and there is no evidence that defendant's failure to provide the requested information was in bad faith.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART plaintiffs' motion to compel (Dkt. #19).

---

[1] The Court views the difference between Polygon's discovery question and Steadfast's response as an honest misunderstanding of the scope of the request.

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFFS'
MOTION TO COMPEL - 5

DATED this 22nd day of May, 2009.

_/s/ Robert S. Lasnik_
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFFS'
MOTION TO COMPEL - 6